ANDREWS BROS. Co. *v.* YOUNGSTOWN COKE Co., Limited.

*(Circuit Court, W. D. Pennsylvania.* July 25, 1889.)

1. LIMITED PARTNERSHIPS—CONTRACTS—STATUTE OF FRAUDS—EQUITY.

A contract of sale by a limited partnership association of the state of Pennsylvania, organized under the act of June 2, 1874, which will impose a liability exceeding $500 for non-performance, cannot be enforced against the association, either in a court of law or equity, unless in writing, and signed by at least two managers of the association.

2. SAME—REFORMATION—MISTAKE.

One dealing with such an association is bound to take notice of the statutory requirements for the valid execution of contracts; and if he makes a contract with an agent of the association, which is reduced to writing, and signed by only one manager, he cannot, on the ground of mistake, maintain a bill in equity against the association for the reformation of the instrument by compelling its execution by two managers.

In Equity.

Suit by the Andrews Bros. Company against the Youngstown Coke Company, Limited, to reform a certain written instrument, for specific performance thereof by defendant, and general relief.

*S. Schoyer, Jr.,* for complainant.

*S. L. Mestrezat,* for respondent.

ACHESON, J. The defendant is a limited partnership association of the state of Pennsylvania, organized under and subject to the provisions of the act of assembly of June 2, 1874. The fifth section of the act provides that "no liability for an amount exceeding five hundred dollars, except against the person incurring it, shall bind the said association, unless reduced to writing, and signed by at least two managers." This clause of the act was considered by the supreme court of Pennsylvania in *Melting Co. v. Reese,* 118 Pa. St. 355, 12 Atl. Rep. 362, and it was there adjudged that a contract for a sale by such an association, which will impose on it a liability for non-performance exceeding $500, cannot be enforced unless in writing, and signed by at least two managers of the association. The bill here sets forth that Frederick C. Keighley, the defendant's general manager, acting in its behalf, agreed with the plaintiff corporation that the defendant should furnish the plaintiff the coke necessary to run its furnace—about 10 cars per day—from July 10, 1888, to January 1, 1890, at the rate of 95 cents per ton, upon the basis of then existing wages, the price to rise or fall in proportion as wages might advance or decline, and that the agreement was reduced to writing, and was duly executed by the plaintiff, and was signed in behalf of the defendant by H. O. Bonnell, the treasurer, and one of the managers of the defendant company; but that the plaintiff is advised by counsel that the said agreement, in the form in which it stands, cannot be enforced at law against the defendant; and the bill prays, in substance, that the said written instrument may be reformed so that it shall be and appear to be executed by at least two of the defendant's managers, to the end that it may be legally enforceable against the defend-

ant, and that the defendant be decreed to specifically perform the contract, and for general relief.

It is admitted that the liability for non-performance which would be imposed on the defendant exceeds $500. Confessedly, then, there is here no contract which legally binds the defendant. But if there is no such valid contract at law, upon what principle can the plaintiff be granted the equitable relief here sought? Undoubtedly the above quoted statutory provision is as binding on a court of equity as on a court of law. *Litchfield* v. *Ballou*, 114 U. S. 190, 5 Sup. Ct. Rep. 820. Certainly the general rule is that courts of equity cannot dispense with regulations prescribed by a statute, or supply any circumstance for the want of which the statute has declared the instrument void. 1 Story, Eq. Jur. §§ 96, 177. If there be any exceptions to the rule, clearly this case is not one. Here was neither fraud nor accident, and, if there was mistake, it was on the part of the plaintiff only, and was, too, a mistake merely as to the legal effect of the instrument signed by Bonnell; but such mistake is no ground for the reformation of a written instrument. Adams, Eq. \*171; *Cooper* v. *Insurance Co.*, 50 Pa. St. 299; *Snell* v. *Insurance Co.*, 98 U. S. 85. Besides, strangers dealing with a limited partnership organized under the act of June 2, 1874, are bound by the limitations imposed upon the powers of the individual members. *Melting Co.* v. *Reese*, *supra.* The plaintiff was bound to take notice of the legislative restriction expressed in the fifth section of the act. Id.; *Pearce* v. *Railroad Co.*, 21 How. 443 If the requirements of the statute of frauds are not complied with, a contract falling within its scope, so long as it remains *in fieri*, cannot be enforced, either at law or in equity. Adams, Eq. \*86. Now, under the facts of this case there can be no pretense that there was such part performance as would perfect the contract in equity. *Williams* v. *Morris*, 95 U. S. 457. To a bill in equity to reform an instrument in writing, if the proposed reformation involves the specific enforcement of an oral agreement within the statute of frauds, or the term sought to be added will so modify the instrument as to make it operate to convey an interest or secure a right which can only be conveyed or secured through an instrument in writing, and for which no writing has ever existed, the statute is a sufficient answer, unless the defendant is estopped to plead it. *Glass* v. *Hulbert*, 102 Mass. 24. But no ground of estoppel appears here.

Enough has been said to show that the plaintiff is not entitled to equitable relief. I may add, however, that it appears from the evidence that the contract which Keighley agreed to was not only improvident, as respects the defendant, and, in the length of time it had to run, unusual, but it had not been authorized by the defendant's board of managers. The instrument which Bonnell signed had not been submitted to any other member of the board, and he signed it under the belief that it expired on July 1, 1889, and also upon the supposition that its terms had been approved by Mr. McCurdy, another manager, which was a mistake. Let a decree be drawn dismissing the plaintiff's bill, with costs.