Elena Conti
vs.                    } Eq. No. 7421
Julia R. Fisher et als.

January 22, 1926

BAKER, J. Heard on bill, answer and proof.

In this case the complainant is seeking to have certain respondents permanently enjoined from further prosecuting a certain action of trespass quare clausum fregit; that they be also permanently enjoined from entering upon and taking possession of a small strip of land lying southerly of a certain fence; and, further, that it may be adjudged that said strip of land belongs as of right to the complainant and that the respondents Boscaglia may be ordered to convey said strip to the respondent Julia R. Fisher and she be ordered to immediately convey the same to the complainant, and for further relief.

In effect, the bill is substantially one to reform certain deeds. The respondents Julia R. Fisher and Michael Fisher join in the prayer of the bill.

There is not much dispute on the facts. The testimony shows that some years ago the complainant and the respondents Boscaglia purchased from the Fishers two adjoining parcels of land; the complainant purchased first and the Boscaglias soon after. It is clear from the evidence that in negotiating these two sales the respondent Michael Fisher was acting as agent for and on behalf of Julia R. Fisher. In the deeds to the complainant and to the respondents Boscaglia, the property conveyed is described merely as certain numbered lots on a plat. There is no further description. It appears that a fence separates the properties sold to the complainant and to the respondents Boscaglia and that this fence has been on the premises for a long time. The great preponderance of the testimony shows that both the complainant and the Boscaglias were pointed out and shown their respective properties by Mr. Fisher at about the time they bought, and that they both clearly purchased according to the existing boundaries then on the property as shown by the fences. Receipts for deposits were given to the parties and apparently these receipts referred to the property merely as certain numbers on Metcalf street.

Some little time after the parties in question had been occupying their respective parcels of land, the respondent Boscaglia had a survey made and it appeared that his lot line as delineated on the plat would come six feet or so south of the existing fence dividing the properties in question. Apparently Mr. Boscaglia made some attempt to change the position of the fence but after a time the new fence, or the posts, were taken down by him. The boundary line as contended for by Mr. Boscaglia would cut into a barn on the complainant's premises. The trouble between the parties arose in connection with a pear tree which was growing on the complainant's side of the fence and very close to the same. There is no testimony in the case which shows that the Boscaglias ever occupied the strip of land in dispute.

The court finds from all the testimony relating to the sale of the properties that it is clear beyond dispute that all the parties, complainant and

respondents, thought and expected that the properties in question were being sold according to the existing boundaries appearing on the land, namely, the fences, and that there was no intention to convey to the Boscaglias the six foot strip southerly of the fence, and that it was the intention that this should belong to the complainant. In other words, the court finds that the description of the premises conveyed, namely, by lot number only, was an error and a mutual mistake as it appeared in the deeds in question.

The chief defence raised by the Boscaglias is that as a matter of law the complainant is not entitled to the relief she seeks. They refer in particular to the case of Macomber vs. Peckham, 16 R. I. 485, the respondents' contention being that this matter is within the statute of frauds and that deeds such as in the case at bar should not be reformed on oral testimony. It does appear in evidence that receipts referring to the property by street number were given at the time of the purchase, although such receipts have apparently been lost. But aside from this, the court is of the opinion that the decision in the case of Macomber vs. Peckham, supra, does not apply to the case in dispute. The decision in the above case has been more or less severely criticized and possibly represents the somewhat extreme position as laid down in the case of Glass vs. Hulbert, 102 Mass. 24, limiting the jurisdiction of equity in cases such as this.

In the judgment of the Court, the weight and the present trend of modern authorities tend to the more liberal view allowing deeds to be reformed under certain conditions on oral testimony. It should be noted, too, that the case of Macomber vs. Peckham applied to an executory contract only. In the case at bar we are dealing with contracts which have been executed. It would seem that the case of Carroll vs. Ryder, 34 R. I. 383, is more nearly in point with the present case than the case of Macomber vs. Peckham, supra. In the case of Carroll vs. Ryder, supra, the Court permitted a certain deed to be reformed and it would appear that this case, if it does not directly overrule the case of Macomber vs. Peckham, supra, clearly limits its operation to executory contracts. 2 Pom. Eq. J., 4th ed., Sec. 866.

See also L. R. A. 1917 a, page 573.

On all the facts and on the law, the Court finds that the complainant is entitled to the relief prayed for.

The prayer of the bill is granted.

For Complainant: Green, Curran & Hart.

For Respondents: Charles R. Easton.