# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

### MASSACHUSETTS

---

VINCENZO PALUMBO *vs.* BERNARD JAMES.

Essex.    December 13, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, Specific performance.    *Frauds, Statute of.*

Under an oral agreement for the sale of land, the owner delivered a deed thereof in escrow and delivered possession to the purchaser, who made a deposit on account of the purchase price. At the same time the purchaser bought and paid for furniture in a house on the land under a separate agreement with the owner, and the owner moved to another town. The purchaser planted a substantial garden and remained in possession nearly six months. Within three months from the delivery of the deed in escrow, certain defects in the title of the owner were discovered by the purchaser, and the owner was repeatedly urged to cure them. Within four months they were cured, but knowledge of that fact did not come to the purchaser for another month. The purchaser demanded return of his deposit, moved out of the house and redelivered possession of the land to the owner. In a suit in equity by the owner against the purchaser for specific performance of the agreement, a final decree was entered directing the defendant to make specific performance. The defendant appealed. *Held*, that

(1) Even if there were part performance by the defendant sufficient to satisfy the statute of frauds, which did not appear, the plaintiff could not rely on such part performance to avoid that statute;

(2) The purchase by the defendant of the household furniture under a separate agreement did not satisfy the statute of frauds:

(3) No part performance by the plaintiff sufficient to satisfy the statute appeared;

(4) The decree was reversed.

BILL IN EQUITY, filed in the Superior Court on September 16, 1927, seeking specific performance of an oral agreement, described in the opinion, for the sale of land by the plaintiff to the defendant.

The suit was heard by *Lummus*, J., material facts found by whom are stated in the opinion. By order of the judge, a final decree was entered directing specific performance of the agreement by the defendant. The defendant appealed.

*G. Karelitz*, for the defendant.

*S. R. Romano*, for the plaintiff.

CARROLL, J. On March 15, 1927, the plaintiff was in possession of certain real estate with color of title. On this date he made an oral agreement with the defendant, whereby the plaintiff was to sell and the defendant to buy the real estate for the sum of $2,800. The defendant paid to the plaintiff $500 on account thereof. There was a memorandum of the contract signed by the plaintiff but none was signed by the defendant. On March 26, the plaintiff executed deeds for the conveyance of the land and delivered them to an attorney, in escrow, to await payment of the residue of the purchase money. The defendant discovered defects in the plaintiff's title. These defects were finally cured on July 5, 1927. When the deeds were delivered in escrow, the plaintiff delivered possession of the real estate to the defendant, and by a separate agreement sold to the defendant the plaintiff's household furniture contained in the house on the premises conveyed. The defendant paid for the furniture and received delivery. The defendant moved into the house, planted a substantial garden, and remained in possession until September 18, 1927, when he moved from the premises and sent the plaintiff the key to the house.

Although the title was cured on July 5, 1927, this was not made known to the defendant until some time during the first part of August. As early as June the defendant had expressed his impatience at the delay in perfecting the title, and on June 29, his attorney wrote the plaintiff stating that

the defendant had "waited long enough for . . . [the plaintiff] to deliver a warranty deed to him and he feels that you should return his deposit to him." On August 19 the defendant brought an action to recover the deposit of $500. September 16, 1927, the plaintiff filed the present bill. The defendant's answer set up the statute of frauds and asked for a return of the deposit. In the Superior Court there was a decree for the plaintiff. The defendant appealed.

The agreement for the conveyance of the real estate was oral. No writing was signed by the defendant. The contention of the plaintiff is that he is entitled to specific performance because of part performance. There was no such part performance on the part of the defendant as would give the plaintiff the right to demand specific performance of the unwritten contract. The defendant entered into possession and planted the garden, but he made no substantial repairs on the premises, and did nothing that amounted sufficiently to part performance to take the case out of the statute of frauds. *Glass* v. *Hulbert,* 102 Mass. 24. The purchase of the household furniture was under separate agreement. It in no way satisfied the statute of frauds. *Jenning* v. *Miller,* 48 Ore. 201.

Even if there were evidence of part performance by the defendant, this would not entitle the plaintiff to specific performance. Equity will not permit the statute of frauds to become an instrument of fraud, and to prevent injustice it will decree specific performance in favor of one who, acting on an oral agreement for the conveyance of land, enters into possession and makes substantial improvements. In such circumstances it would be a fraud on the purchaser to deprive him of the benefit of the contract. But the other party to the contract cannot rely on the part performance of the buyer to enforce performance. "If the party who resists the enforcement of the contract chooses not to stand on what he has done under and in pursuance of it, the other party cannot be aided by it." *Barnes* v. *Boston & Maine Railroad,* 130 Mass. 388, 390. *Glass* v. *Hulbert, supra,* pages 35, 36. *Derby* v. *Derby,* 248 Mass. 310. *Collins* v. *Stanbon,* 254 Mass. 339. *Morse* v. *Winslow,* 254 Mass. 407.

There is nothing in *Curran* v. *Magee*, 244 Mass. 1, in any way in conflict with this well settled principle. The plaintiff in that case was induced to take possession and make substantial improvements, in the belief, relying on what her mother had said and done, that she was to have the land.

In the case at bar the plaintiff sold his furniture and moved to another town; but there is nothing to show that he was defrauded or had made any part performance under the statute. It follows that the decree must be reversed and a decree entered dismissing the bill with costs, without prejudice to the defendant's right to recover the deposit.

*Ordered accordingly.*