Pettingell, P. J.
Action of contract to recover for work done. The defendant’s answer is a general denial and payment, with another answer which the report describes as “by way of recoupment”. The defendant filed, also, a declaration in set-off. After a trial the trial judge found for the plaintiff on his declaration; on the set-off he found for the defendant for $1000.
The parties have briefed and argued the case as a matter of set-off and we so consider it; apparently there was no finding on the answer of recoupment.
The main issue in the case is the sufficiency of a memorandum given by the plaintiff, to take the case out of the statute of frauds. The evidence stated in the report is *322 that the defendant owned land consisting of three lots, two of which fronted on Grove Street and one on Calvin Street, and owned no other land in Watertown. The defendant testified that the plaintiff orally,, agreed to purchase the three lots at 32¢ per foot and gave a check for two hundred dollars to the defendant on the face of which, in the plaintiff’s handwriting, were the words “deposit for land on G-alvin Road Watertown price 32¢ a foot”.
There was other evidence that there was a cellar hole on the land, which the plaintiff filled and thereafter changed the surface of the land.
The plaintiff requested the following rulings, each of which was denied.
“1. The memorandum on the back of the check given by a purchaser of land to the seller as a deposit, containing the following language: ‘Deposit for land on Galvin Road Watertown, price, 32f; per foot’, does not satisfy the requirements of the Statute of Frauds and is therefore unenforcible.
, “2. There is not sufficient written memorandum of the oral agreement alleged between the parties, signed by the defendant in set-off, upon which liability can be predicated.
“3. The fact that the purchaser of land under an agreement insufficient to meet the" requirements of the Statute of Frauds, enters upon the land and makes a minor improvement thereon, does not take the case out of the Statute of Frauds.
“4. There is no evidence that the purchaser received any benefit from his transaction with the seller which he is enabled to retain by using the Statute of Frauds as a defence.”
The trial judge found the following facts:
‘ ‘ This is an action upon an account annexed and for breach of contract for installing garage doors at 12 Malcolm Road, Cambridge, for which I find in the amount of the declaration $136.25. Defendant further claimed in Set-Off that on or about September 8, 1941 *323 he agreed with the plaintiff to buy land of defendant amounting to 14300 square feet at Galvin Road and Grove Street in Watertown, that the plaintiff paid part of purchase price and entered upon the land and made changes therein but later refused to complete the purchase altho defendant wished him to do so.
“I find that the plaintiff C had known the defendant A three years previous to July 1941. 0 having visited A at the tailor shop of the latter, that C agreed with A to buy his land on Galvin Road, Watertown at 32 cents per foot, that at this time Mr. Faryorj of Union Market Bank at Watertown showed interest in the purchase of this land, that A by deed dated 19 May 1927 acquired 14,300 feet comprising lots 20, 21 and 22 on Galvin Road, Watertown and that A owned no other land in Watertown in 1941. I find that September 1, 1941 C handed A check for $200 inscribed ‘Deposit for land in Galvin Road, Watertown price 32 cents a feet’ (Deft’s Exhibit 1). This check was wholly in handwriting of C and was cashed September 9, 1941 by A. C proceeded to dump upon the land on part of which he had spoken of ‘his company building’ but at the end of January 1942 because of the sudden death of C’s son October 1941 C told A that he should not go through with the trade. He did not demand the return by A of $200 paid in September and A did not agree to the abandonment of the transaction but refrained from paying for the garage doors altho he had accepted them and made use of them.
“I find that the check constituted a sufficient memorandum in connection with the physical alteration of the surface of the land to satisfy the Statute of Frauds and upon testimony of Ronald M. Stone in real estate business in Watertown ,14 years. I find damage due the defendant, i. e. plaintiff in set-off to be $1000 in addition to $200 received.”
There was prejudicial error in the disposition of the rulings requested by the plaintiff, especially in light of one of the rulings of the trial judge.
The third and fourth requests apparently are based upon aspects of the effect of a partial performance of an oral *324 contract, unenforcible because of the statute of frauds. The third request is to the effect that entrance upon the land by a purchaser and the performance there by him of a minor improvement will not take the case out of the statute. The fourth deals with the absence of any evidence showing a benefit to a purchaser so entering and performing which will be retained by him by pleading the statute. The third request is an accurate and understandable statement of the law. The fourth, awkwardly expressed, seems to deal with another part of the principle of partial performance, that of the effect of the rentention of benefit, by a party to such a contract who pleads the statute of frauds as a defence.
In equity, under similar circumstances, relief may be granted to a party who partially performs the contract relied upon.
“The fraud most commonly treated as taking an agreement out of the statute of frauds is that which consists of setting up the statute against its performance, after the other party has been induced to make expenditures, or a change of situation in regard to the subject matter of the agreement, or upon the supposition that it was to be carried into execution, and the assumption of rights thereby to be acquired; so that the refusal to complete the execution of the agreement is not merely a denial of rights which it was intended to confer, but the infliction of an unjust and unconscientious injury and loss. In such a ease, the party is held, by force of his acts or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds.” Glass v. Hulbert, 102 Mass. 24, at 35.
The basis of the principle of partial performance is that of estoppel. Williams v. Carty, 205 Mass. 396, at 400. Harrell v. Sonnabend, 191 Mass. 310, at 312. Gadsby v. Gadsby, 275 Mass. 159, at 167, 168.
*325 At law, the effect of a partial performance by one party to such a contract may be the recovery of damages. One who has paid a portion of the purchase price of land in performance of such a contract, where the-seller sets up the statute of frauds as a defence, may recover what he has paid. Coughlin v. Knowles, 7 Met 57. Riley v. Williams, 123 Mass. 506, at 509. Twomey v. Crowley, 137 Mass. 184, at 185. One who has partially performed such a contract may recover on one of the common counts. DeMontague v. Bacharach, 187 Mass. 128, at 134, 135.
With regard to the application of the third, request to the case before us, there was evidence that the plaintiff entered the premises, filled a cellar hole and otherwise changed the surface. Mere entrance upon the premises is not a sufficient performance to constitute the partial performance which will take the case out of the statute. Parker v. Page, 270 Mass. 167, at 172. A “minor improvement” without anything more, such as filling a cellar hole, was nothing than in its nature' could create an estoppel, nor was there in this case any evidence which could create such a result.
These requests were actually immaterial and inapplicable. They do not apply where a seller is suing the purchaser for the purchase price, and there was a partial performance by the purchaser. “The rule seems to be that no part performance, by the party sought to be charged, will take an agreement out of the statute of frauds, except in those cases when the statute itself provides for such effect. It is part performance by the party seeking to enforce, and not by the other party, to which courts of equity looks in giving relief from the statute.” Glass v. Hulbert, 102 Mass. 24, at 31. In such a case part performance by the purchaser is no assistance to "the plaintiff. “If the party who resists the enforcement of the contract chooses not to stand on what he has done under and in pursuance of it, the *326 other party cannot be aided by it.” Barnes v. Boston & Maine Railroad, 130 Mass. 388, at 390. Palumbo v. James, 266 Mass. 1, at 3.
But although by nature not material to this case the trial judge made these requests applicable and material by his finding’ that “the physical alteration of the surface of the land” was a factor sufficient in part at least to satisfy the statute of frauds. That ruling demonstrates that he was dealing with the case with a wrong principle of law in mind and was prejudicial error.
There was in our opinion prejudicial error, also, in the denial of the first and second requested rulings.
The plaintiff argues strenuously that the memorandum is insufficient because it describes the land, which was the subject of the oral contract, as being on “Galvin Road”, when, actually, it was on “Calvin Road”, and that the two names are not idem sonanis. There was evidence from the defendant that the land was on Calvin Road. The trial judge, however, finds expressly that the land was on Galvin Road. No request for a ruling raises any issue of the sufficiency of the evidence to warrant such a finding and we are bound by it. Reid v. Doherty, 273 Mass. 388, at 389, 390. Spencer v. Burakiewics, 288 Mass. 83, at 85. Looby v. Looby, 303 Mass. 391, at 392.
The plaintiff urges another objection to the sufficiency of the memorandum. It identifies the check on which it is indorsed as a “deposit for land”. It nowhere specifies the nature of the transaction regarding the land for which it is a deposit.
• “The memorandum does not show whether the transaction was for sale, for lease, or for what purpose.” Sanjean v. Miller, 248 Mass. 288, at 289. See also, Farwell v. Mather, 10 Allen 322, at 324, 325.
It shows the payment of money for something regarding the land, but to identify the transaction of which the de *327 posit was a part, inadmissible oral testimony would be necessary. A memorandum merely stating the payment of money is not a sufficient memorandum to take the case out of the statute. Parker v. Page, 270 Mass. 167, at 173. There still remains the question whether the deposit was for a sale, a lease or an option.
There was, therefore, prejudicial error in the denial of the first and second rulings requested by the plaintiff. If they had been given, judgment for the plaintiff on the defendant’s declaration in set-off necessarily would have followed.
The finding for the defendant on his declaration in set-off is to be vacated and judgment thereon is to be entered for the plaintiff.