WILLIAM POTTER & wife *vs.* RICHARD JACOBS.

The plaintiffs and defendant made an oral contract that he would sell and they would buy a parcel of land; that they might enter thereon immediately; and that the price should be paid in three months. The plaintiffs entered and removed the fence, and cultivated and improved the land; the purchase money was not paid within the three months; but the plaintiffs continued in possession, and proceeded to put up a house; the defendant objected to this being done, until the purchase money was paid, but the plaintiffs continued and put up the house at an expense much greater than the value of the land, making all the time part payments to the defendant, who knew the facts, but who received the payments without comment, and who subsequently tendered a deed of the land to the plaintiffs, demanding more than remained due to him. *Held*, that there had been part performance of the contract sufficient to entitle the plaintiffs to have the contract specifically performed.

BILL IN EQUITY for specific performance of a contract by the defendant to convey a parcel of land to the plaintiff, Ednah B. Potter, wife of the other plaintiff, William Potter. The answer set up the statute of frauds. The case was referred to a master the material parts of whose report were as follows :

" On or about June 22, 1868, it was orally agreed between the plaintiff William Potter and the defendant, that the defendant would sell and convey to the plaintiff, Ednah B. Potter, wife of said William, the lot of land described in the bill for the sum of $500, to be paid in three months, with interest at seven per cent., with a restriction, however, that no building should be erected thereon, except a dwelling-house ; it was also agreed that the plaintiffs should take immediate occupation of the land, and the sum of $25 was at the time paid to the defendant, upon the agreement that if the whole of the purchase money was not paid according to the agreement, this sum should become forfeited to the use of the defendant ; and thereupon said William, acting for the plaintiffs, entered and occupied the land, removed a portion of the fence, cultivated and improved the land, and subsequently prepared the ground for the erection of a building thereon, and moved upon the land, erected a building for a dwelling-house thereon, and continued such occupation until January 13, 1871, when he was enjoined by order of this court from exercising further acts of ownership on the premises, and in the mean time made several payments of money on account of the purchase money, as follows, viz. : on December 1, 1868, $150 ; in November 1869, $10 ; on December 10, 1870, $10 ; on December 14, 1870, $40 ; and on December 17, 1870, $100 ; in all, including the $25 paid at first, amounting to the sum of $335, paid at intervals, and at or near the dates above stated ; the exact dates of some of the payments are uncertain upon the testimony, but this amount was all paid before January 1, 1871 ; no payment or tender of the purchase money was made within the three months from the date of the agreement.

" At some time prior to November, 1869, the defendant executed a deed of the land to Ednah B. Potter, for the consideration recited therein, of $500, which deed contained the restriction against the erection of any building on the land except a dwelling-house ; this deed was shown to William Potter, and its contents noted by him at that time, but no further use was made of it, and it remained in the custody of the defendant ; but the occupation by the plaintiffs continued as before and all the time with full

knowledge of the same by the defendant, and the subsequent payments on account of the purchase money were made and received by the parties without mention of it, or of the restriction, or the terms of the original agreement.

" On or about December 1, 1870, the plaintiffs being still in occupation and having made preparation of the ground and arrangements for the removal of a building to be placed upon the land in question, a conversation was had between the defendant and William Potter, in which Potter complained to the defendant of the restriction as to the kind of buildings allowed upon the land, and the defendant forbade the plaintiffs any further use of the land, and forbade their putting any building upon the land until the purchase money should have been paid and the deed of the land delivered, and denied the plaintiffs' right to have a deed of the land, and said that he should demand a larger price, but ultimately agreed to make a conveyance without the restriction for the additional sum of $100, and his expenses, without mention as to what expenses ; and to this William Potter agreed.

" The occupation continued as before, and the plaintiffs, disregarding the protests from time to time made by the defendant, moved their building upon the land and proceeded to finish its erection, and in the mean time made several of the payments on account of the purchase money above stated, to wit : on the 10th, 14th, and 17th of December, 1870 ; and these payments were made and received without objection and without comment by either upon the terms of agreement, the price to be paid, the balance due or the continued occupation by the plaintiffs. Under these circumstances the plaintiffs made expenditures upon and about the estate to the amount of $1700, mainly incurred and made after the conversation and amended agreement recited on December 1, 1870 ; the evidence did not disclose definitely how much was before and how much after. The defendant contended that upon these facts the $25 paid as stated at the time of the original agreement were forfeited ; but I was of opinion that the subsequent agreement was a waiver of any such forfeiture, and that this sum should be credited towards the payment of the purchase money.

" The defendant also claimed that the expenditures in putting up the building made after December 1, 1870, were made without right and at the risk of the plaintiffs ; but I was of opinion that under the circumstances, and more particularly considering the facts and mode of the several payments after that date, these expenditures should be held to have been made with the consent as well as with the knowledge of the defendant ; and I was of opinion, upon these facts, that the plaintiffs have occupied the land, and made improvements and expenditures upon it, in accordance with the agreement and with full knowledge and consent of the defendant, to such an extent as to entitle them to the relief they seek, by a specific performance of the contract proved.

" It appeared further in the case that on or about January 1, 1871, after various interviews between William Potter and the defendant, at which the parties were calling, the one for his deed and the other for the payment of the purchase money, (but neither mentioned the terms of the contract, nor the balance that was claimed or proposed to be paid,) the defendant executed and directed to be tendered to the plaintiffs a deed of the land, and at the same time demanded payment of the sum of $347 as the condition of the delivery of the deed. The plaintiffs contended that this deed was a memorandum in writing, of which they were entitled to avail themselves in proof of the agreement. I was of opinion that it might be so used by the plaintiffs, and that it was a correct memorandum in writing of the contract in all particulars material to be stated in such a memorandum.

" The plaintiffs were enjoined, by order of this court, on January 13, 1871, from exercising any acts of ownership on the premises."

" I find the whole amount of payments by the plaintiffs on account of the purchase money to be $335, and that there is due from the plaintiffs to the defendant a balance of $165, principal, with the further sum of $79.80 for interest up to January 4, 1871, the date of the last payment, making in all the sum of $244.80 due, on January 4, 1871. No tender or offer of payment of this sum, or of any sum which was equal to the amount due at the time of any tender or offer of payment, has been made by the

plaintiffs; but the defendant has positively refused to make a conveyance of the land to them upon any terms, and they are therefore relieved from any obligation to make a tender of the amount, but they have held themselves in readiness to pay the amount that should be found due upon a statement of the account. I therefore find and report upon all the facts reported that the plaintiffs are entitled to a conveyance of the land described in their bill by a good and sufficient deed, with release of dower and in fee simple, from the defendants, upon the payment to him by them of the said sum of $244.80, with interest from January 4, 1871, to the day of payment."

Hearing before *Gray,* J., by whom the case was reserved on the pleadings and master's report for the consideration of the full court.

*W. C. Endicott & L. S. Tuckerman,* for the plaintiffs.

*W. D. Northend,* for the defendant.

COLT, J. The plaintiffs ask for the specific performance of an oral contract for the sale of land; first, on the ground that the deed which was subsequently drawn up in pursuance of the contract, but not delivered, was a sufficient memorandum to satisfy the statute of frauds; and next, because there has been part performance sufficient to entitle them in a court of equity to the relief prayed for.

Under the full equity jurisdiction which this court now has, the plaintiffs' right to the decree they ask is maintained by us upon the ground last named. It will not be necessary to consider whether the undelivered deed could, under the circumstances disclosed, be used as a memorandum to satisfy the requirements of the statute.

The case was heard and reserved upon the master's report. There is nothing to control the facts found by him which have a bearing upon the alleged part performance. It appears that under the oral contract proved the plaintiffs immediately entered into the possession of the premises, exercised acts of ownership, removed fences, placed a building thereon, and made improvements far exceeding the value of the land sold. The master finds that these expenditures were made with the consent as well as with the knowledge of the defendant, and the facts reported

justify this finding. The purchase money, it is true, was not paid at the time named in the original contract, but the plaintiffs continued in possession under the contract, and from time to time made payments which were accepted by the defendant, who afterwards tendered a deed and demanded a balance claimed by him but denied by the plaintiffs to be due under the agreement. Under this state of facts time cannot be held to be of the essence of the agreement, and there was a waiver of its stipulations in this respect. *Barnard* v. *Lee*, 97 Mass. 92. *Hodsdon* v. *Guardian Ins. Co.* Ib. 144.

There is no disposition to extend the limits to which the doctrine has been carried of enforcing in equity oral contracts upon the ground of part performance. This case is clearly brought within the class where specific performance is uniformly decreed. The plaintiffs acted under their supposed rights as purchasers of the property. What they did was consistent with the agreement proved, and can be referred to no other title or claim of title. They were induced to enter upon the execution of the agreement and to do acts upon the faith of it, as if it had been executed, with the knowledge and acquiescence of the defendant, for which there would be no redress if the agreement was to be defeated. There was possession taken, accompanied by part payment and such change of position that the purchasers cannot now be restored to their rights if the contract be abandoned. The refusal to complete it is in the nature of a fraud, and the defendant is estopped to set up the statute of frauds in defence. *Glass* v. *Hulbert*, 102 Mass. 24. Fry on Spec. Perf. § 384. Adams Eq. 86.

It is urged that the expenditures which were made upon the building under the protests and objections of the defendant cannot be relied on as in part performance of the contract, and must be regarded as made without right and at the risk of the plaintiffs. This might be so if there had been a repudiation of the verbal contract, and a refusal to perform on the part of the defendant. There was not. The objections made by the defendant had reference to the neglect of the plaintiffs to make the required payments, as is apparent from the subsequent receipt of payments, and the tender of the deed, and so the master has found.

*Decree for the plaintiffs, with costs.*