TERENCE L. CURRAN *vs.* THE HOLYOKE WATER POWER
COMPANY.

Hampden.    September 21. — October 23, 1874.    MORTON & ENDI-
COTT, JJ., absent.

The right of a person to specific performance, who has made an oral agreement for
the purchase of a parcel of land for a building lot, and who, having paid the full
consideration, has entered into possession, and erected a substantial building
thereon, is not absolute, but rests in the discretion of the court, to be exercised
upon equitable considerations in view of the circumstances of the case.
When a bill in equity is brought for specific performance of a contract for the sale
of land, the rights of persons not parties to the contract sought to be enforced,
are equitable considerations to be regarded in adjudicating the rights of the par-
ties to the contract, although such rights vested after the contract was made.

BILL IN EQUITY to enforce specific performance of a contract
for the sale of a parcel of land in Holyoke.    The case was re-
served by *Morton*, J., for the consideration of the full court, upon
the bill, answer and a report of a master, and is stated in the
opinion.

*M. P. Knowlton*, for the plaintiff.

*N. A. Leonard*, for the defendant.

WELLS, J.    The plaintiff seeks to enforce specific performance
of an oral agreement for the sale and conveyance to him of a par-
cel of land for a building lot in Holyoke.    That such an agreement
was made is clearly proved and admitted ; also that the plaintiff
has paid the full consideration, has gone into possession, and has
erected a substantial building upon the lot, in good faith, relying
upon the permission of the defendant that he should do so with-
out waiting for the delivery of a deed.    The bargain was for a
lot with its front upon Park Street, between Adams and Sargeant
streets, and adjoining a lot previously sold by the defendant to
one McCabe.    The plaintiff claims that his lot extends to a line
which would leave Park Street fifty feet wide.    The defendant
contends that the front line should be ten feet further back, leav-
ing Park Street sixty feet wide ; and is ready to convey to the
plaintiff the lot so bounded.

The master, to whom the case was referred to find and report
the facts, does not find what the actual agreement was in this par-
ticular ; but reports that " At the time of making said bargain a

plan was shown the plaintiff of the lots, on which the line of Park Street was exhibited " drawn so as to make Park Street sixty feet wide, measuring by the scale. He also reports other facts and circumstances from which it might be inferred that the plaintiff supposed his purchase included the ten feet in dispute ; and perhaps also that such was the understanding and intention of both parties. But, in the absence of any direct finding of the master upon the point, we do not think the facts and circumstances reported by him, establish the claim of the plaintiff, that such was the original agreement, with that degree of certainty which is required for a decree of specific performance by a conveyance of the land.

It appears however that, subsequently to the oral agreement, the engineer of the defendant, being directed for that purpose by the defendant, at the plaintiff's request, staked out the lot for him, in accordance with his present claim, and he proceeded to erect a building upon the front line so indicated. A deed and mortgage back were prepared and executed ; but the deed has not been delivered, for the reason that the defendant discovered this error in the front boundary, as is alleged, and has since refused to deliver it without correction of the alleged error.

Since the agreement of sale was made, the defendant has conveyed to other parties other lots between Adams and Sargeant streets, bounding them upon the line of East Street, which connects with Park Street at a slight angle, at or near the front of the plaintiff's lot. The master reports that " at the time said bargain was made the company contemplated changing, or had changed the line of Park or East Street," so that the new line of East Street, upon which the lots so conveyed to other parties were bounded, would meet the line of Park Street, if only fifty feet wide, at or near the corner of McCabe's lot, cutting off a small piece of the front of the plaintiff's lot, as claimed by him ; but if Park Street were to be kept at the width of sixty feet, the two lines would meet near the opposite side of the plaintiff's lot. At that corner the plaintiff's lot, as staked out and built upon by him, projects into the street nearly ten feet in front of the new line of East Street.

The defendant when refusing to deliver a deed in conformity with the claim of the plaintiff, and also by the answer to the suit,

and at the hearing before the master, has offered to make reasonable compensation to the plaintiff, not only by moving back his building, but also by paying him for the land claimed by him, which is cut off by the line of the street. This the plaintiff refuses to accept; but does not show that he may not thus be fully indemnified. His right to a specific performance of the agreement is not absolute, but rests in the discretion of the court, to be exercised upon equitable considerations in view of all the circumstances of the case. This would be so even if the agreement were fully and satisfactorily made out precisely as claimed by him.

It is manifest that, if the agreement was so made, it was by inadvertence, the defendant at the time not perceiving the interference with the contemplated lines of East Street. The rights of other parties who have in good faith purchased lots upon East Street, and, as the defendant alleges, have erected buildings thereon, have intervened; and although those rights are subsequent in time, and therefore subordinate to those of the plaintiff, yet they furnish equitable considerations to be regarded in adjudicating the rights between the parties to this suit. If the plaintiff can have full and complete indemnity upon his contract otherwise, equity does not require that he should have specific performance by which he will inflict great and unnecessary injury upon other persons who are in no way responsible for the position in which he is placed.

We are of opinion therefore that specific performance should be refused, unless the plaintiff will accept a conveyance with boundaries conforming to the line of East Street, and with compensation for the land cut off by that line and for the damages occasioned by the necessity of removing his building from the limits of the street. If he shall elect to accept such conveyance and compensation, a decree may be entered accordingly, and a master appointed to see to its execution and to determine the amount of such compensation, and the mode in which it shall be rendered. Otherwise he will be remitted to his action at law for damages upon the entire contract, and this bill will be *Dismissed.*