### JOSEPHINE E. CLIFFORD *vs.* BENJAMIN F. HEALD.

Middlesex.     February 26. — March 2, 1886.

A bill in equity alleged that the defendant orally promised the plaintiff to convey to him certain real estate, if the plaintiff would assign to him a certain policy of insurance; that the defendant had in no part performed his promise; that the plaintiff had offered an assignment of the policy to the defendant, which he had not accepted; and that the defendant had conveyed the real estate to another person, and the plaintiff had incurred some expenses, relying upon the defendant's promise. *Held,* on demurrer, that the contract alleged was within the statute of frauds, Pub. Sts. *c.* 78, § 1, *cl.* 4; and that the bill could not be maintained.

FIELD, J.   This is a bill in equity, to which the defendant has demurred. The bill alleges that the defendant orally promised the plaintiff to convey to her certain real estate, if she would assign to him a certain policy of insurance; that the defendant has in no part performed his promise; that the plaintiff has offered an assignment of the policy to the defendant, which he has not

accepted; and that the defendant has conveyed the real estate to another person, and the plaintiff has incurred some expenses, relying upon the promise of the defendant. The contract is within the statute of frauds, Pub. Sts. *c.* 78, § 1, *cl.* 4, and there has been no part performance of it by the defendant; this is a sufficient answer to the bill, so far as it attempts to obtain compensation for the breach of the contract in lieu of the specific performance of it. The bill does not allege that the defendant has received anything from the plaintiff as the consideration of his promise, and therefore it alleges no cause of action in equity or at law to recover money paid or property conveyed upon a consideration which has failed. The fraud alleged is nothing more than the refusal of the defendant to perform his promise.

*Bill dismissed.*

*R. B. Caverly & J. L. Hunt*, for the plaintiff.
*G. H. Stevens & A. G. Lamson*, for the defendant.