## HANNAH GRAVES *vs.* MARY L. GOLDTHWAIT.

Essex.   November 8, 1890. — February 25, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Oral Agreement to convey Land — Statute of Frauds — Specific Performance — Agency — Tenancy in Common.*

On a bill in equity for specific performance, it appeared that the plaintiff and her six sisters, including the defendant, all of whom were tenants in common of several parcels of land, made an oral agreement, by which the plaintiff was to pay to each a fixed sum, and they were to convey to her their right and title in and to one parcel, on which the plaintiff resided; that after three of them had conveyed to her their respective interests, and each had received the sum agreed, she offered the same amount to the defendant, requesting a release, which was refused; that thereafter, and before the bill was brought, the other two released their rights to her, in accordance with the agreement; and that the defendant offered, for the protection of the plaintiff's title, to surrender any claim she might have to avoid the conveyances made to her by the other sisters of their respective fractions of the parcel in question, and to recognize their validity.   *Held,* that any injury that might result to the plaintiff by a failure of the defendant to carry out her agreement was insufficient to take the contract out of the statute of frauds (Pub. Sts. c. 78, § 1, cl. 4); and that the bill must be dismissed.

BILL IN EQUITY, filed in the Superior Court, for specific performance.   Hearing before *Dewey*, J., who reported the case for the consideration of this court.   The facts appear in the opinion.

*E. T. Burley*, for the plaintiff.

*I. R. Clark & F. Ranney*, for the defendant.

BY THE COURT.   The following opinion was prepared by Mr. Justice DEVENS, and after his death was adopted as the opinion of the court by the Justices who sat with him at the argument.

The plaintiff and her six sisters were tenants in common of several parcels of land, and the plaintiff made an oral agreement with them by which she was to pay to each the sum of $1071.43, and they severally were to convey to her their right and title in and to one of these parcels, situate in Marblehead, upon which she resided.   Relying upon each and all these agreements, three of the sisters soon conveyed and released their respective interests in the parcel, each receiving the sum stipulated therefor.   Subsequently, but before the commencement of this suit, two of

the other sisters conveyed and released their rights. Within a reasonable time, the plaintiff offered to pay the agreed sum to the defendant, requesting a release of the premises from her, which was refused.

The contract between the plaintiff and the defendant being oral, the statute of frauds (Pub. Sts. c. 78, § 1, cl. 4) is a bar to its enforcement by a decree for specific performance, which is the relief sought, unless the plaintiff can bring her case within some of those exceptions which have been held in equity sufficient to take a case out of the operation of the statute. She contends that she has so changed her position by reliance on the defendant's promise that she cannot be restored to her original situation, and that the serious prejudice which will result to her if the defendant fails to convey is constructively a fraud practised on her by the defendant.

Where an oral contract has been partly performed by the party seeking to enforce, and where he cannot be restored to his original situation, as where he has been permitted to enter upon land under an oral promise of a conveyance, and has made valuable improvements thereon, it has been held that the statute of frauds would not be a bar to its enforcement. *Glass* v. *Hulbert,* 102 Mass. 24, 31. *Potter* v. *Jacobs,* 111 Mass. 32. *Curran* v. *Holyoke Water Power Co.* 116 Mass. 90.

But in the case at bar there has been no part performance of any contract made with the defendant. The contracts which the plaintiff made with her sisters were several, and although she may have relied upon the fact that she had made contracts with all the tenants in common, so that, if performed by all, she would obtain a complete title to the parcel, neither sister was bound orally by any contract made by the other. When the plaintiff had purchased the rights of the three sisters, she had not performed any portion of her contract with the defendant. Even if she relied on the promise of the defendant, and would not have purchased these rights but for her reliance on the performance of that promise, such purchase was not any part performance of her contract with the defendant, but was a purely collateral matter. The reasoning by which a part performance of an oral contract for the sale of land has been held to take it out of the statute has never been extended to a partial or complete performance

of collateral contracts. From the performance of these the defendant derived no advantage such as she might have had if the contract with herself had been partially performed; and whatever change the plaintiff may have made in her own position, it was not one in relation to or growing out of any contract with the defendant to which it could be exclusively referrible, nor has it been induced by any act of the defendant. " Indeed," says Mr. Justice Wells, " the fraud which alone justifies this exercise of equity powers, by relief against the statute of frauds, consists in the attempt to take advantage of that which has been done in performance or upon the faith of an agreement, while repudiating its obligations." *Glass* v. *Hulbert*, 102 Mass. 24, 40. The defendant has simply declined to perform her oral contract, and nothing more. *Clifford* v. *Heald*, 141 Mass. 322. But even if the plaintiff were entitled to a specific performance of the defendant's agreement, such right is not an absolute one, but rests in the discretion of the court, to be exercised on equitable considerations in view of all the circumstances of the case. 2 Story, Eq. Jur. §§ 742, 769. *Curran* v. *Holyoke Water Power Co.* 116 Mass. 90.

The plaintiff urges that she is liable to lose the money she has paid her three sisters, as well as any benefit from their conveyances, by reason of the fact that they were voidable by the defendant as cotenant, they being conveyances by metes and bounds of their interest in one among several parcels held in cotenancy. It is a general rule, that a conveyance by metes and bounds of any separate parcel, or of a share thereof, by one cotenant, is voidable by his cotenants, and is available only by way of estoppel against the grantor and his heirs. To allow and give legal effect to such alienation of the interest of a tenant in common in a part of the estate held in common, without the consent of the other cotenants, would be to create new tenancies in common in tracts and parcels of the estate held in common, to their injury. *Blossom* v. *Brightman*, 21 Pick. 283. *Adam* v. *Briggs Iron Co.* 7 Cush. 361. *Barnes* v. *Lynch*, 151 Mass. 510. But the only persons entitled to disregard and wholly avoid such a conveyance are the other cotenants, and it is only they whose interests are affected. *De Witt* v. *Harvey*, 4 Gray, 486. The defendant now offers, for the protection of the title of the plaintiff, to surrender any claim she may have to avoid the

conveyances made by her cotenants of their respective fractions of the tract in question, and to recognize their validity. By this assent the plaintiff is rendered secure in the possession of the fractions she has already purchased, and the tract is withdrawn by consent from the common estate. The plaintiff can thus only be injured by the failure of the defendant to perform her individual oral promise to convey her seventh of the estate. This injury, in view of the statute of frauds, could not be sufficient to enable the plaintiff to maintain this bill. There is no disposition to extend or add to the exceptions which have been allowed to some extent to trench upon the policy of the statute. Indeed, many jurists have doubted whether it would not have been originally wiser to leave it to its full operation without any attempt to create exceptions, which may themselves have been a temptation to the perjury which it was the object of the statute to restrain. *Potter* v. *Jacobs*, 111 Mass. 32. 2 Story, Eq. Jur. § 769.                                       *Bill dismissed.*