## MARY M. THAXTER *vs.* MARIA E. SPRAGUE.

Suffolk.    May 31, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Bill in Equity for Specific Performance — Discretion of the Court — Breach of Contract — Performance or Ability and Willingness to perform.*

An application to a court of equity for a specific performance is addressed to its discretion, and the court in considering it will take into account all the circumstances.

In order to entitle a plaintiff to a decree for specific performance to convey land, it must appear that he has performed, or been able and willing to perform, his part of the contract, and that the defendant has neglected or refused to perform his part of it. On a bill of equity for a specific performance, there being no default by the defendant or neglect or refusal to perform, a general offer in the bill to perform, the bill having been filed several months after the time for performance and the plaintiff not having offered to perform since the breach and shown his ability to perform, and the plaintiff's request to the defendant to make a deed to a third person, coupled with an agreement to make a mortgage back, were held not to be offers of performance on the plaintiff's part, even though the defendant may have been ready at the time to make a deed and take a mortgage back.

MORTON, J.    This is a bill for specific performance, filed on March 26, 1888.    The plaintiff is not entitled as a matter of strict right to the relief which she seeks.    The application is addressed to the discretion of the court, which, in considering it, will take into account all the circumstances.    *Lee* v. *Kirby,* 104 Mass. 420. *Curran* v. *Holyoke Water Power Co.* 116 Mass. 90.    *Wonson* v. *Fenno,* 129 Mass. 405.    *Western Railroad* v. *Babcock,* 6 Met. 346, 352.    The contract on which the plaintiff relies was dated April 26, 1887, and provided for the payment of $50 down by her and $25 per month till the amount of $1,700 was paid, with interest and taxes.    It also stipulated that $200 exclusive of interest was to be paid by July 10, when the defendant was to give the plaintiff a deed and take back a mortgage for the balance. There was also the further stipulation that, if the plaintiff did not call for a deed or care to continue the purchase, the defendant was to release her from future payments and accept the $200 for the rent of the premises for the season, which was from April to October.    The plaintiff paid the $50 down, but being afraid that she would not be able to pay the $200 by July 10, it was

agreed that the defendant would be satisfied with the $25 per month till the $200 was paid.  In October the plaintiff had paid the $200, and, as she testified, she then requested the defendant to make a deed to her father in law, one Joshua Thaxter, agreeing that the defendant should have a mortgage back to secure the balance of the purchase money.  She made no other request for a deed than this, and it did not appear that her father in law was privy to this arrangement, or that any mortgage was ever prepared.  The plaintiff further testified that the defendant agreed to make the deed in the course of the following week, but did not.  It appeared that after October the plaintiff did not make any payment, and that she did not pay the taxes, and the premises were advertised for sale by the collector.  She wrote to the defendant twice, asking why she had not sent the deed, the first letter about a month after the interview in October, and another about two weeks later, but there was no evidence that the defendant received either letter.  After writing the second letter she did nothing more.  The plaintiff testified that she expended $200 in permanent alterations and improvements on the premises, but it appeared that she used the premises for boarders, and that the alterations and improvements were made for their accommodation.  There was evidence tending to show that the defendant caused notice to be given to the plaintiff in February, 1888, that unless she paid what was due she should take possession on the 1st of March.  A statement of the amount due was subsequently given to the plaintiff, but she failed to pay it, and the defendant took possession of the premises.

The bill was dismissed without prejudice, but with costs.  It is possible that the judge who heard the case found as a fact that the plaintiff had decided not to continue with the purchase, and that her real motive in claiming the right to go on with the contract, after receiving the notice which she did from the defendant in February, was to secure the premises for another season. We cannot say that such a finding would have been unwarranted. Her failure, after October, to pay any of the monthly instalments, or to do anything beyond writing the two letters, tends to support such a conclusion.

But, in addition to this, we think it appears that there was a

continuing breach of the contract by the plaintiff after October, and that there was no default on the part of the defendant. The plaintiff has not offered to perform since then except in the bill, and has not shown that she was able to perform. In order to entitle her to a decree for specific performance it must appear that she has performed, or been able and willing to perform, her part of the contract, and that the defendant has neglected or refused to perform her part of it. *Irvin* v. *Gregory*, 13 Gray, 215. The offer contained in the bill to pay the local taxes, to execute a mortgage as called for in the agreement, and to perform all obligations thereunder, is not sufficient. *Ely* v. *McKay*, 12 Allen, 323. Her request to the defendant to make a deed to her father in law, coupled with an agreement to make a mortgage back, was not an offer of performance on her part of the contract which she seeks to enforce, even though the defendant may have been ready at the time to make a deed to and take back a mortgage from him. *Tinney* v. *Ashley*, 15 Pick. 546. *Gannett* v. *Albree*, 103 Mass. 372. Moreover, it does not appear that the father in law was ready to take a deed and give back a mortgage.

We think the bill should be dismissed absolutely, with costs, and it is                                          *So ordered.*

*W. M. Stockbridge*, (*C. H. Crosby* with him,) for the plaintiff.
*H. V. Cunningham*, for the defendant.