JOHN F. FOWKES MANUFACTURING COMPANY *vs.* HAMMOND
C. METCALF.

Worcester.   November 8, 1897. — November 24, 1897.

Present: KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Contract — Statute of Frauds.*

Of three writings, addressed to A. and signed by B., the first contained the follow-
ing: "I hereby agree . . . to loan three thousand dollars on second mortgage
above twelve thousand dollar mortgage held by D. as trustee for one year at
10% interest"; the second, "Don't forget to mention in the mortgage the right
of way over the new property you spoke of"; and the third, "I wrote last
night about the driveway you said would go with the mortgage, and some other
things that I suggested." *Held*, in an action by A. against B. for breach of con-
tract, the declaration in which showed that the mortgage to B. was to cover, in
addition to the land, a right of way appurtenant to adjoining land to be acquired
by A., which easement was a material element in the contract, that the writings
did not constitute a sufficient memorandum under the statute of frauds, Pub.
Sts. c. 78, § 1, cl. 4.

CONTRACT. The amended declaration alleged that the plain-
tiff, on May 26, 1896, was the owner in fee of certain real
estate of great value, consisting of a lot of land and a large
building thereon, situated on Southbridge Street, in Worces-
ter, which real estate was subject to certain encumbrances,
namely, a first mortgage of about $12,000, a mechanic's lien of
about $560, the taxes for the year 1895, then due and payable,
of about $210, a second mortgage, upon which there was then
due about $1,200, and several attachments made in actions at
law then pending against the plaintiff; that it had then nearly
completed a large and valuable block upon the land; that it was
then in great need of money with which to pay certain of such
encumbrances and claims against its real estate, and with which
to complete the building and make the same fully ready for
business and manufacturing purposes, and for occupancy by
tenants, who were then ready to enter into possession of certain
parts thereof upon the completion of the same, and with which
to carry on its own business of manufacturing; that for the most
advantageous and profitable use of such real estate and building

for the business and manufacturing purposes for which it was alone adapted it was in great need of a right of way from Southbridge Street to the rear part of the building over and upon which to convey to and from the building coal, wood, machinery, fixtures, merchandise, and stock and materials to be wrought and manufactured into merchandise; that there was situated north of and adjoining the plaintiff's estate a certain piece of real estate to and with which belonged a wide and commodious right of way leading therefrom to Southbridge Street, and for the purpose of securing such adjoining estate, with its right of way, the plaintiff had, prior to May 26, negotiated and agreed with the owners of the adjoining estate and way for the purchase thereof, and all the terms and conditions of the purchase were agreed upon, and the plaintiff had on that day a refusal of such adjoining estate and way from the owners thereof; that the only way in which the plaintiff could secure the desired right of way to its lot and building was by the purchase of such adjoining estate and the right of way belonging to it; that on May 26 a contract was made by and between it and the defendant, a part of which was reduced to writing on the part of the defendant, by a writing which contained all the agreements, undertakings, and contract to be performed by the defendant on his part, and which, addressed to the plaintiff and signed by the defendant, was as follows: " I hereby agree, upon proper certificate from Hobbs, to loan $3,000 three thousand dollars on second mortgage above twelve thousand dollar mortgage held by 3 Dewey Brothers as Trustee for 1 year at 10% interest; I further agree that $\frac{1}{2}$ of said loan may be paid me in six months time provided 1 month's notice is given me of intention of reducing loan " ; — that the defendant, on the same day, made, signed, and delivered to the plaintiff a further writing, as follows: " When you get ready to make the mortgage say to them I wish a description instead of a reference mortgage.   My experience in 2nd mortgages has taught me that it is necessary to mention that the taxes are to be paid punctual, and also the interest on the first mortgage to be paid when it is due. . . . Don't forget to mention in the mortgage the right of way over the new property you spoke of"; — that the defendant further, on May 27, made, signed, and delivered to the plaintiff another writing, containing the follow-

ing : " Do not go on with papers until the man that furnishes
the money looks over the property. . . . I wrote last night about
the driveway you said would go with the mortgage, and some
other things that I suggested " ; — that the above writings con-
tained all the undertakings, promises, and agreements of the
contract which, on the part of the defendant, were to be done
and performed ; that, in consideration of the undertakings,
promises, and agreements of the defendant, the plaintiff, upon
its part, made and entered into certain promises, undertakings,
and agreements, which were fully set forth in the original decla-
ration, and in a certain writing it gave the defendant on May 26,
a copy of which it was unable to set forth, as such writing was
on that day delivered to the defendant, and had never been seen
since by the plaintiff, but which was, as the plaintiff believed,
in substance as follows : " We hereby agree to accept loan of
$3,000 secured by second mortgage for one year at 10% interest
with privilege of reducing loan one half in six months, provided
one month's notice is given of intention of reducing loan " ; — that
the plaintiff had fully informed the defendant prior to May 26
of all the above named facts, as to the purchase of the adjoining
estate and the way belonging to it, and as to the advantages to
be gained by the plaintiff by the securing of the way, and on
May 26, when the writings were made, it was fully understood,
agreed, and contracted between the plaintiff and the defendant,
as a part of their contract, though not put into the writings, that
the plaintiff should and would complete the contract for the pur-
chase of the adjoining estate and way, and should use from the
$3,000 which the defendant agreed so to loan to him the sum of
$500 towards the purchase, and that the plaintiff should include
in its second mortgage to the defendant, to secure the loan of
$3,000, the right of way to Southbridge Street, which, by the
purchase of such adjoining estate and way, would become the
property of the plaintiff ; that it was further clearly understood
and agreed by and between the plaintiff and the defendant on
May 26, and as a part of their contract, though not put into the
writings, that the plaintiff should use some of the $3,000 to pay
off any encumbrances against the plaintiff's lot and building
other than the first mortgage, especially the mechanic's lien, and
that it should use some of the $3,000 to complete the building

and fit it for use and occupancy, and should use the remainder, if any, of the $3,000 as capital with which to carry on its manufacturing business; and that, relying upon such contract with the defendant, the plaintiff was doing and performing all that it was required on its part to do under the contract, and was ready, willing, and able to fulfil its part thereof when the defendant, on June 3, 1896, notified the plaintiff that he would not fulfil his part of the contract, and absolutely refused to perform the contract and broke the same, to the great damage of the plaintiff; and set out in detail the consequential damages relied on.

The defendant demurred to the declaration, on the ground, among others, that the writings set out did not contain a sufficient description of the land, or the interest therein to be conveyed, to satisfy the requirements of Pub. Sts. c. 78.

In the Superior Court the demurrer was sustained, and judgment ordered for the defendant; and the plaintiff appealed to this court.

*M. M. Taylor*, for the plaintiff.

*R. E. Joslin*, for the defendant.

BARKER, J.    We are of opinion that the order sustaining the demurrer, and the judgment for the defendant thereon, should be affirmed, because the writings constituting the memorandum of the defendant's agreement are not sufficient to satisfy the statute of frauds.    Pub. Sts. c. 78, § 1, cl. 4.

These writings are three in number, and the first indicates that the defendant agreed to lend the plaintiff three thousand dollars upon a second mortgage above a twelve thousand dollar mortgage referred to in the first writing.    Assuming that the twelve thousand dollar mortgage could be identified by parol, and that the fair construction of this writing is that the land to be mortgaged is that covered by the first mortgage, the declaration shows that the mortgage to the defendant was to cover in addition a right of way to be acquired by the plaintiff; and in none of the writings are there any words sufficient to identify this right of way.    It appears from the declaration that this was a material element in the contract, and if the writings signed by the defendant do not identify it, either by themselves or by the contents of other writings referred to therein, when taken in connection with the circumstances under which

the writings were made, they are not a sufficient memorandum under the statute.    The writings signed by the defendant say, " Don't forget to mention in the mortgage the right of way over the new property you spoke of," and " I wrote last night about the driveway you said would go with the mortgage, and some other things that I suggested."   They refer to no writing describing or defining this right of way or driveway.   It appears from the declaration that it was not a way then appurtenant to the land covered by the twelve thousand dollar mortgage, and so not made certain or described by the reference to that mortgage. No other writings are referred to in those signed by the defendant.   The only reference, therefore, through which a description of the right of way or driveway can be arrived at is to oral statements of some person representing the plaintiff, and who upon some occasion spoke of the right of way, and said that the driveway would go with the mortgage.   There are no allegations in the declaration upon which it could be found that some definite right of way or driveway was meant, and that only that right of way or driveway could, under the situation of the parties, have been referred to.   On the other hand, it is evident that the right to be put into the mortgage did not then exist, and that to be put into the mortgage it must be created by grant of some third person, who could be identified only by parol evidence.   The reference to oral statements as in themselves a description of the property is of course of no avail, and it cannot be found from the position of the parties and their relation to the property that some specific way only must have been intended.   See *Ryder* v. *Loomis*, 161 Mass. 161 ; *Freeland* v. *Ritz*, 154 Mass. 257 ; *Sherer* v. *Trowbridge*, 135 Mass. 500.

Nor is the general allegation sufficient that the plaintiff, relying on the contract, was doing and performing all that he was required to do on his part under it.   *Graves* v. *Goldthwait*, 153 Mass. 268, and cases cited.

In placing our decision upon this point we do not consider whether the writings were also insufficient because they did not state the purposes to which, by the agreement set out in the declaration, the money to be lent was to be in part applied.   Nor do we intimate that a way belonging to one parcel of land can be made to attach to another distinct parcel by the purchase by the

owner of the latter of the land to which the way belongs; nor that consequential damages, such as those alleged in the declaration, can be recovered for breach of a contract to lend money.

*Demurrer sustained, and judgment for the defendant affirmed.*