- EDWARD B. FEASTER *vs.* FEASTER FILM FEED COMPANY
& others.

Middlesex.    January 7, 8, 1918. — March 1, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* Specific performance.    *Equity Pleading and Practice,* Parties.

In a suit in equity to enforce the specific performance of an agreement to reconvey and reassign to the plaintiff licenses under certain patents, the defendants filed in court an assignment to the plaintiff of the licenses in question subject to the terms of a certain agreement with a person who was not made a party to the bill, but the plaintiff refused to accept any other than an unconditional

assignment. The trial judge found that the person with whom this agreement was made had in good faith advanced $25,000 upon the security of the licenses in question. He refused to make a decree for specific performance by ordering the defendants to make an unconditional assignment of the licenses in the absence as a party to the bill of the person with whom the agreement was made, and said that, if such person should be made a party, he would not grant an order for specific performance without protecting the rights of such person in the property to be assigned. He made a decree dismissing the bill. *Held,* that the decree was right.

BILL IN EQUITY, filed in the Superior Court on July 8, 1916, by Edward B. Feaster, the alleged owner of a certain application for letters patent for improvements in apparatus for unwinding motion picture films and of a license under other letters patent granted to him by one Gillespie, against the Feaster Film Feed Company, a corporation, the Byron Chandler, Incorporated, a corporation, and Byron Chandler, (Fannie M. Chandler, the mother of Byron Chandler, who is mentioned in the opinion, not being made a party to the bill,) seeking to enforce specifically an alleged agreement of the defendant Byron Chandler to reconvey and reassign to the plaintiff the rights and license under the letters patent mentioned.

The case was heard by *Hardy,* J. The material evidence is described in the opinion. The judge made the following memorandum of decision:

"I find the allegations of the bill, so far as admitted in the answers, have been sustained. I find the allegations under the 5th, 6th, 7th, and 9th sections of the bill have been sustained. I find the defendants gave and sent the notice in the manner required by the agreement as set forth in section 10 of the answer. I find that Byron Chandler is not the owner of the patent and license set forth in the bill, but the title at the present time appears to be in the defendant, the Feaster Film Feed Company, Inc., and Fannie M. Chandler, in accordance with certain agreements as referred to in section 13 of the answer. I find that the said Byron Chandler borrowed or received $10,000 from his mother, Fannie M. Chandler, for the first instalment due for said patent, etc., under the agreement. I find that the incorporation of said companies was made to assist in the promotion of the manufacture and sale of stock to develop said patent; that it became necessary in such promotion and development to obtain money; that through the influence of her son, said Fannie M. Chandler advanced by

way of a loan the sum of $25,000 in various instalments on or before the date of the agreement set forth in copies 'A' and 'B' referred to in section 13 of the answer; that the said Fannie M. Chandler advanced the money in good faith as a loan, and in like good faith received such agreements as security for said loans without any participation in a fraud upon creditors. I find there was no fraudulent intent or conspiracy, as charged in the argument upon the evidence, practised by the defendants in obtaining the loan and executing the agreement securing such loan.

"Nothing appeared in evidence to show that the money advanced by Mrs. Chandler was expended for any other purpose than the development of the patent or the manufacture of the machines under the same. Nothing was disclosed to show that the plaintiff was ignorant of the fact of the expenditure of money for such purposes.

"I find the defendants made a tender to the plaintiff of a performance of the agreement as set forth in section 14 of the answer, to which reference is made in copy 'C' thereto annexed. The plaintiff declined to accept such tender. I find that Mrs. Fannie M. Chandler has a valid interest in such property as security for her loan.

"The plaintiff is not entitled to specific performance as a matter of right in this situation in the absence of Mrs. Chandler as a party to the bill. If she were a party to the bill, acting upon a reasonable discretion, I am of the opinion that I should not grant specific performance without protecting Mrs. Chandler's interest as mortgagee in the property.

"Bill is dismissed."

The plaintiff made the following requests for findings:

"1. That Mrs. Fannie M. Chandler advanced no money to the Feaster Film Feed Company except one payment of $5,000.

"2. That Mrs. Fannie M. Chandler did advance money to her son Byron Chandler, and that Byron Chandler in turn advanced money to Byron Chandler, Incorporated.

"3. That this money was advanced to Byron Chandler and some of it was indorsed by him to Byron Chandler, Incorporated, and all of it was advanced prior to May 1, 1916, the date on which the alleged assignment to Mrs. Chandler was executed.

"4. That Byron Chandler, as shown by the statements in his

letters to the plaintiff, considered the money which he had paid to Byron Chandler, Incorporated, his own money and that it was, in fact, his own money.

"5. That the alleged assignments to Mrs. Fannie M. Chandler were voluntary and were made at a time when the Feaster Film Feed Company was largely in debt.

"6. That by these alleged assignments the Feaster Film Feed Company conveyed away all of the property used in doing business.

"7. That the authorization to execute these assignments was voted in a private meeting of two of the three directors.

"8. That neither of these assignments was ever recorded, either as a bill of sale or as a mortgage of personal property."

Upon these requests the judge made a memorandum of further findings of fact as follows:

"As to the requests for findings filed by the plaintiff in the reargument I can only say on the first request that it is impossible for me to distribute the specific sums advanced to each of the separate corporations. The corporations were organized about the same time, one being identical with the other so far as membership was concerned, and one being called the holding corporation. I find the money was advanced by Mrs. Chandler for the benefit and promotion of the enterprise in which both corporations were interested.

"I find the money advanced by Mrs. Chandler passed through the hands of Byron Chandler to the corporation or corporations named in the second and third requests, and at the times named therein, but it was not advanced on the personal credit of Byron Chandler.

"I deny the fourth request.

"I find the advances made by Mrs. Chandler were made at the request of Byron Chandler at a time when the Feaster Film Feed Company was largely in debt, but there was no evidence before me that Mrs. Chandler knew of any other indebtedness except what was due herself.

"I make the findings asked for in the sixth, seventh and eighth requests."

By order of the judge a final decree was entered that the bill be dismissed. The plaintiff appealed.

*F. J. V. Dakin,* for the plaintiff.

*Lee M. Friedman,* for the defendants.

PIERCE, J. This is a bill for specific performance of a contract dated October 17, 1914, whereby Byron Chandler, in the event of his election not to make either of two stipulated payments as provided in the contract, agreed to reconvey and reassign to the plaintiff, Edward B. Feaster, an assignable license under Patent No. 921537 and a patent under Letters Patent No. 1116580, together with all models, drawings, designs, dies, tools, contracts licensing or letting machines under said patents, and all trade marks and trade names used in connection with the aforesaid patents or machines manufactured thereunder, subject to all rights and licenses, leases and agreements theretofore issued or made by Chandler, "his representatives or assigns."

On the payment of $10,000, contemporaneously with the execution of the contract and subject thereto, Chandler acquired all the right, title and interest of the plaintiff in and to an application for a patent, serial No. 744970 (patent No. 1116580), and all the right, title and interest of the plaintiff in and to a certain license dated November 17, 1913, granted by Charles B. Gillespie under Letters Patent No. 921537. On March 12, 1915, Chandler assigned, transferred and set over unto "Byron Chandler Inc., its successors and assigns, all the right, title and interest secured to me by an assignment of Edward B. Feaster under date of October 17, 1914, and recorded in the United States Registry of Patents." On March 12, 1915, Byron Chandler, Inc. conveyed all the right, title and interest secured to it by the assignment of Byron Chandler of even date, to the Feaster Film Feed Company.

The agreement between Feaster and Chandler provided that Chandler "at any time after the date of this agreement shall have the full right, power and authority, anything herein to the contrary notwithstanding, to grant licenses and leases of, or exclusive territorial rights to and for, and make all kinds of agreements in respect of, or otherwise deal in and with said Feaster invention and application therefor, and any letters patent that may be issued thereon, freely and unreservedly, except that the party of the third part [Byron Chandler] shall not at any time prior to the making of both payments specified in paragraph 'Eighth' of this agreement, have any right or authority to make any abso-

lute assignment or grant any exclusive license of said invention, patent application or letters patent, except subject to the terms and provisions of this agreement. Such agreements, leases, licenses, territorial rights, etc., herein provided for may be made and granted to cover the entire life of the patent, or such part thereof as the party of the third part, his representatives and assigns, may determine.

"No licensee, lessee, grantee, or person or corporation making any agreement with the party of the third part [Byron Chandler], his representatives or assigns, with respect to said invention, patent application or letters patent, shall be required to ascertain or determine that any of the obligations of this contract are performed or carried out by any of the parties hereto, but shall be free to deal with the party of the third part, his representatives and assigns, as having absolute authority and right to grant such rights under said invention and letters patent."

On May 1, 1916, the Feaster Film Feed Company executed and delivered to Fannie M. Chandler, two instruments to secure the repayment of money advanced "in various instalments" by her "for the benefit and promotion of the enterprise in which both corporations were interested." The trial judge found as a fact that the money was advanced "in good faith as a loan," and that she in good faith received the agreements as security for the loan without any participation in a fraud upon creditors. The first of these instruments is "a license under the Feaster patent and under the Gillespie patent, the license to remain in full force and effect until the sum of twenty-eight thousand dollars due Mrs. Chandler from the Feaster Film Feed Company and Byron Chandler, Inc., had been paid. The second instrument was in the form of a bill of sale transferring all of the dies, models, drawings, designs and machines set forth in a schedule annexed, which property Mrs. Chandler was to hold as security for the repayment on or before May 1st, 1917, of the said sum of twenty-eight thousand dollars. This instrument stipulated that the Feaster Company should retain in its possession all the property conveyed until May 1st, 1917, and on that date Mrs. Chandler should have the right to sell the property and apply the proceeds to the amount of indebtedness remaining unpaid."

On May 23, 1916, there was due to be paid under the agree-

ment between Feaster and Chandler $15,000. Before this became payable Chandler notified Feaster that he elected not to make the payment. On May 24, 1916, the plaintiff demanded of Chandler a reassignment of the Letters Patent No. 1116580 and the license under patent No. 921537, and notified him "of his intention to take over all models . . . manufactured under said Patent. . . ."

After the bill was filed the defendants made a tender to the plaintiff of all these rights, title and interest in the patent and license in pursuance of the agreement of October 17, 1914, but "subject specifically to the terms of a certain agreement made and entered into by us or either of us with one Fannie M. Chandler, on or about the 1st day of May, 1916." The plaintiff refused to accept any other than an unconditional conveyance, and thereupon the assignment was placed in the custody of the court.

It is the contention of the plaintiff that the title was in Chandler absolutely on May 23, 1916, because the instruments of conveyance to the corporations did not in formal words transfer the title subject to the provisions of the agreement; and because it was the clear intent of that agreement that the business should not be divided between the owner of the license and the owner of the patent right. As to the first of these grounds, we think it entirely clear that the corporations took title to the patent "subject to the terms and provisions of this agreement" because they took the right, title and interest of Chandler which, in terms, were subject to the agreement, and because each corporation had actual knowledge of the agreement and of its obligations. As to the second ground, the presiding judge found as a fact upon unreported evidence that the "license set forth in the bill . . . appears to be in the defendant, the Feaster Film Feed Company, Inc., and Fannie M. Chandler." It is true the record does not show any specific formal transfer and assignment of the license from Chandler to the Feaster Film Feed Company, but that fact may be inferred properly from the fact that on behalf of that company, as president, Chandler executed the agreement with Mrs. Chandler which in terms licensed the use of the patent and the license for the Gillespie patent.

If it be held, as we think it should be, that the patent and license were vested in the corporations subject to the terms of the agreement, the plaintiff contends that the Feaster Film Feed

Company had no authority under that agreement to mortgage or incumber the patent and license other than by issuing licenses and territorial rights in the ordinary course of business. The mere findings that the assignments "conveyed away all of the property used in doing business" and were "voted in a private meeting of two of the three directors," without a statement of other facts and circumstances are not sufficient to overcome the specific finding that "there was no fraudulent intent or conspiracy . . . practised by the defendants in obtaining the loan and executing the agreement securing such loan." Nor do we think the mortgages void as a matter of law because it may be inferred that Chandler, and therefore the corporation, knew that the instalment to become payable May 23, 1916, would not be paid, and that the result of the mortgages would be to retain control of the patent and license in the corporation in spite of the agreement.

We are of opinion the conveyances to Mrs. Chandler were authorized by the agreement between Feaster and Chandler. It follows that the decree dismissing the bill should be affirmed with costs. *Curran v. Holyoke Water Power Co.* 116 Mass. 90. *Thaxter v. Sprague,* 159 Mass. 397.

*Decree accordingly.*