# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

MARGARET E. CURRAN *vs.* JOHN F. MAGEE & another.

Bristol.    October 23, 1922. — January 26, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Equity Pleading and Practice,* Appeal.   *Equity Jurisdiction,* Reformation of
deed because of mistake.   *Mistake.   Estoppel.   Frauds, Statute of.*

Upon an appeal in a suit in equity where the record does not include the evidence
before the trial judge but does include his findings of fact, this court not only
can draw inferences of fact from facts found and reported by the trial judge,
but, no question of conflicting oral evidence being involved, can determine
whether relief should be decreed.

At the trial of a suit in equity, by a sister against her brother for the reforma-
tion of a deed executed in favor of the plaintiff by the mother of the parties,
who had died, there was evidence that the deed was executed because of care
and support voluntarily furnished by the plaintiff and also because of parental
love and affection; that when the deed was executed the grantor owned but
one parcel of land and intended to convey that parcel to the plaintiff; that
through the grantor's mistake in giving to counsel an old deed from which to
prepare the instrument an erroneous description was inserted and the deed
executed by her conveyed a parcel of land which formerly she had owned but
previously had conveyed for a valuable consideration.   There also was evidence
that the deed was recorded and was assented to by the plaintiff within a few
days after its execution; that the grantor died twenty-three days after ex-
ecuting the deed; that the plaintiff then entered into possession of the parcel
intended to be conveyed and continued in possession thereafter for over nine
years, with knowledge of the defendant and without his opposition except in
defence of this suit, making repairs and improvements, paying taxes and
collecting the rent in the honest belief that she was the sole owner of the
property; and that the mistake in the description was not discovered until
more than nine years after the execution of the deed.   *Held,* that

(1) A mutual mistake clearly was shown;

(2) It was immaterial, if part performance was shown, that the deed was a gift;

(3) The defendant's rights were no greater than those of his mother under whom he claimed title by inheritance;

(4) The defendant was estopped from pleading G. L. c. 259, § 1;

(5) As the combined effect of that which had been done would subject the plaintiff to "an unjust and unconscientious injury and loss," if relief were denied, the decree dismissing the bill was reversed and a decree was ordered for the plaintiff.

BILL IN EQUITY, filed in the Superior Court on January 22, 1921, by Margaret E. Curran against her brother John F. Magee and her sister Mary E. Ryan for the reformation of a deed given to the plaintiff by her mother before her death in circumstances described in the opinion. The defendants filed an answer setting up the statute of frauds.

In the Superior Court, the bill was taken *pro confesso* as to the defendant Mary E. Ryan. The defendant Magee answered, and the suit then was heard by *Lummus*, J. The judge, without reporting the evidence, made findings of facts, material portions of which are described in the opinion, and by his order a final decree was entered dismissing the bill. The plaintiff appealed.

*S. P. Hall,* (*W. S. Woods* with him,) for the plaintiff.

*L. H. Coughlin,* (*R. P. Coughlin* with him,) for the defendant Magee.

BRALEY, J. The mother of the parties, Mary Magee, an aged woman, who owned two adjoining parcels of land with a house on each, conveyed on January 18, 1910, for a valuable consideration, one parcel to her daughter the defendant Mary E. Ryan. And having determined to transfer the remaining lot to the plaintiff "because of the care and some degree of support . . . voluntarily furnished . . . without any contract or expectation of payment," she executed September 1, 1911, a deed of that lot. It is found on evidence not reported that the grantor "felt a moral obligation to compensate the plaintiff, and also" made the conveyance "because of . . . parental love and affection." A further finding follows, that one motive of the grantor was "to dispose of her property before her death, she having no property except said remaining lot."

By mistake she gave to counsel employed by her to draft the

instrument "an old deed, the description in which was that of the lot previously conveyed to Mary E. Ryan." The erroneous description was adopted in the deed to the plaintiff, which the grantor delivered to the draftsman with directions to have it recorded "for the plaintiff." The plaintiff shortly thereafter, upon being informed by her mother of what had been done, assented, and accepted the property.

It is plain that the parties to the deed believed that the remaining land had been conveyed in accordance with the purpose of the grantor to distribute the remainder of her estate. The grantor died intestate September 23, 1911, leaving as her only heirs two daughters, Margaret E. and Mary E. Ryan, and two sons, John F. Magee, the defendant, and another, who subsequently died unmarried and intestate. The plaintiff, ignorant of the mistake which was not discovered until nine years thereafter, entered on, and has remained in possession of the premises ever since, making repairs and improvements, paying the taxes and collecting the rent. The bill asks that the defendants may be ordered to execute and deliver to the plaintiff a valid deed conveying all their right, title and interest in and to the real estate erroneously described in the deed.

A mutual mistake is clearly shown and ordinarily the plaintiff would be entitled to relief. *Page* v. *Higgins,* 150 Mass. 27, 30, 31. *Gaylord* v. *Pelland,* 169 Mass. 356. *J. P. Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212, and cases there collected. But while the defendant Ryan makes no contest, and the bill as to her has been taken for confessed, the defendant Magee having failed in his defence that there was no mistake, further contends, that the plaintiff being a volunteer, and not a purchaser for value, rectification is barred by the statute of frauds, which is pleaded in the answer. *Sunter* v. *Sunter,* 190 Mass. 449, 454, 455, and cases cited. The defendant is an heir at law of the grantor by whom the error in the description was made, which he now asserts deprives the plaintiff of the estate her mother intended to convey and believed she had conveyed. It is clear on the record that the plaintiff's occupation began shortly after her mother's death and had continued uninterruptedly for more than nine years, when the defendant apparently challenged her title. It is found that she has painted

the outside of the house, shingled it, papered and painted it inside, put a cellar under it, and connected it with the sewer, and the property is in a better condition than it was in when the grantor died. It also appears that she has paid the taxes for eleven years including the year when the present suit was begun. The total expenditures were $1,544.13, and she has collected rents amounting to $1,468. If the defendant succeeds she has no lien on his interest as a co-tenant for taxes paid, because the certificate required must be filed within thirty days after payment of the tax, and a bill in equity brought to enforce the lien within sixty days from the date of recording the certificate. St. 1909, c. 490, Part II, §§ 74, 75. G. L. c. 60, §§ 85, 86. The defendant also can bring a writ of entry, or petition for partition, and the plaintiff could recover compensation for the improvements subject to deduction for mesne profits, or any "benefit . . . received from the common land." G. L. c. 237, §§ 16–20; c. 241, § 23. *Sunter* v. *Sunter*, 190 Mass. 449, 458. *Backus* v. *Chapman*, 111 Mass. 386.

But even if referred to, these considerations are not of primary importance. The question is not what the plaintiff's rights and remedies may be if the defendant prevails. It is whether she has made out her claim to absolute ownership. While the defendant with constructive notice of the recorded deed, and knowing that she was in possession, remained silent, the plaintiff paid the taxes, made the changes and improvements which have enhanced the value of the property, in the honest belief that she was the sole owner. It is true that she collected the rents, yet quite apart from any question of interest, the amount is insufficient to cancel completely the disbursements. The plaintiff was induced to take possession and make substantial improvements in reliance upon what her mother had said and done, that she was to have the land and a deed conveying it to her had been prepared, executed, delivered and recorded. It cannot be assumed that even if she had been informed, or even suspected that the defendant would take the position that her title was only that of a tenant in common she would have made the outlays and managed and used the property as described, thereby subjecting herself to the delays, uncertainties and expenses of vexatious litigation. It is immaterial, if part performance is shown, that the land was a gift. *Glass* v. *Hulbert*, 102 Mass. 24. *Woodbury* v. *Gardner*, 77 Maine, 68, 71,

74. *Seavey* v. *Drake*, 62 N. H. 393, 394. *Lobdell* v. *Lobdell*, 36 N. Y. 327. *Halsey* v. *Peters*, 79 Va. 60, 65. *Stewart* v. *Stewart*, 3 Watts, 253, 255. *Neale* v. *Neales*, 9 Wall. 1. *Whitney* v. *Hay*, 181 U. S. 77, 89, 90. *Lester* v. *Foxcroft*, 1 White & Tudor's Lead. Cas. in Eq. (4th Am. ed.) 1027, notes 1046, 1047. *Wollam* v. *Hearn*, 2 *Ibid.* 920, note 944.

The appeal brings up the record and this court can not only draw inferences of fact from facts therein found, but no question of conflicting oral evidence being involved, we are in the same position as the judge of the trial court who heard the case, and can determine whether relief should be decreed. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330. *Danforth* v. *Chandler*, 237 Mass. 518. *Hurd* v. *General Electric Co.* 215 Mass. 358, 360. *Mansfield* v. *Wiles*, 221 Mass. 75, 84.

The defendant's rights are no greater than those of his mother, the intestate, under whom he claims title by inheritance, *Donovan* v. *Walsh*, 238 Mass. 356; *Hickey* v. *Dole*, 66 N. H. 336, and the question is whether on the facts, to which sufficient reference has been made, he is estopped from pleading G. L. c. 259, § 1. *Glass* v. *Hulbert*, 102 Mass. 24, 35. A suit for specific performance is addressed to the sound discretion of the court. It is to be reasonably, and not arbitrarily, exercised. *Curran* v. *Holyoke Water Power Co.* 116 Mass. 90. *Nickerson* v. *Bridges*, 216 Mass. 416, 421. No general rule can be formulated which will cover all possible cases. It has however been said that nothing is to be considered as part performance which does not place the party seeking relief in a situation which is a fraud upon him, unless the agreement is fully performed. *Barnes* v. *Boston & Maine Railroad*, 130 Mass. 388, 390. *Ahrend* v. *Odiorne*, 118 Mass. 261, 268. *Sarkisian* v. *Teele*, 201 Mass. 596. *Williams* v. *Evans*, L. R. 10 Eq. 547. This principle has been recognized, applied and relief given under varying circumstances in *Potter* v. *Jacobs*, 111 Mass. 32, *Low* v. *Low*, 173 Mass. 580, *Harrell* v. *Sonnabend*, 191 Mass. 310, *Williams* v. *Carty*, 205 Mass. 396, *Davis* v. *Downer*, 210 Mass. 573, *Traveler Shoe Co.* v. *Koch*, 216 Mass. 412, *People's Express, Inc.* v. *Quinn*, 235 Mass. 156, 159, *Tracy* v. *Blinn*, 236 Mass. 585, 588, *Donovan* v. *Walsh*, 238 Mass. 356, 362. We are satisfied in the light of those cases that if relief were denied the combined effect of that which has been done would subject the

plaintiff to "an unjust and unconscientious injury and loss."
*Glass* v. *Hulbert, supra,* 36. *Burns* v. *Daggett,* 141 Mass. 368, and
*Perkins* v. *Perkins,* 181 Mass. 401, are not in conflict on the facts
there stated. The decree dismissing the bill is reversed, and a
decree with costs is to be entered directing the defendants within
a time to be fixed by the trial court to make, execute and de-
liver to the plaintiff a release of all their right, title and interest
in the land as described in the bill. G. L. c. 183, § 2.

*Ordered accordingly.*